UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DYNACAST, LLC,<br><br>      Defendant. | Case No. 1:20-cv-03317<br><br>**Hon. Robert M. Dow, Jr.**<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFF'S MOTION TO REMAND**

For the reasons set forth herein, and pursuant to 29 U.S.C. § 1447(c), Plaintiff Tamara Colon hereby moves for an order remanding this case to the Circuit Court of Cook County, Illinois for the second time. Alternatively, should this Court decline to do so, Plaintiff moves for an order severing and dismissing without prejudice only her claims pursuant to Section 15(a) of the Biometric Information Privacy Act, 740 ILCS 14/15(a).

**BACKGROUND**

Plaintiff first filed her class action complaint in Illinois State court on April 23, 2019, alleging that Defendant violated the Biometric Information Privacy Act ("BIPA") in several different ways with respect to the collection, storage, and use of its workers' biometric data. *See generally* **Exhibit A**, April 23, 2019 Class Action Complaint. There, Plaintiff alleged that the Illinois State court had jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois, committed unlawful acts in Illinois, and is registered to conduct business in Illinois. *Id.* ¶ 5. Plaintiff further alleged that the Illinois State court has jurisdiction over her because she is a resident of the State of Illinois. *Id.* ¶ 6. Plaintiff alleged that Defendant committed the following **four** violations of Section 15 of BIPA:

- Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class (*Id.* ¶ 41);

- Defendant violated 740 ILCS 14/15(b)(1) by failing inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected and stored (*Id.* ¶ 42);

- Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and/or used (*Id.* ¶ 43); and

- Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and/or stored their biometric identifiers and biometric information (*Id.* ¶ 44).

Defendant filed its first notice of removal on July 5, 2019, contending that removal was proper because (1) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000; and (2) the Class Action Fairness Act (CAFA) provides a basis for federal jurisdiction over this action. July 5, 2019 Not. of Removal, Doc. 1, No. 19-cv-4561. Plaintiff then moved to remand the case for lack of subject matter jurisdiction, arguing that neither 28 U.S.C. § 1332(a) nor CAFA conferred jurisdiction, and further asserting that Plaintiff's claims did not amount to an injury in fact as required for Article III standing. *See generally* August 7, 2019 Mot. to Remand, Doc. 15, No. 19-cv-4561.

On October 17, 2019 this Court remanded the case to the Circuit Court of Cook County, finding a lack of subject matter jurisdiction because Plaintiff did not allege a "concrete injury" in her Complaint. *See generally* Oct 17, 2019 Mem. Op. and Order, Doc. 20, No. No. 19-cv-4561. Given this holding, the Court declined to rule on the propriety of removal pursuant to diversity or CAFA jurisdiction. *Id.* at 2, n. 2. Defendant sought no review of that ruling, and litigation proceeded in Cook County. There, Defendant filed and the parties briefed its comprehensive motion to dismiss Plaintiff's claims on various grounds. Defendant also responded to written

2

discovery requests in that forum. Now, nine months after this Court's original remand, Defendant has again removed the case on identical bases but with a new tangential reference to an opinion issued in a wholly separate case. Notice of Removal at 9. Defendant is too late, and its second attempt at removal should not stand.

## ARGUMENT

The removal of an action to federal court must be timely and abide by the relevant rules. As a general matter, and in this case, the deadline for removal falls 30 days after the filing of a complaint. *See* 28 U.S.C. § 1446(b)(1). Defendant's second attempt at removal of this case comes well over a year after the filing of the Complaint, and the removal statute provides no basis for the delay. The Court should remand the case for this reason alone.

Further, remand for lack of subject matter jurisdiction is appropriate if "at any time before final judgment it appears the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812, 817 (7th Cir. 2013) (the district court has an independent obligation to ensure that it has subject matter jurisdiction over a case before deciding the merits). This matter may properly proceed under the subject matter jurisdiction of the federal court only if both diversity jurisdiction *and* Article III standing exist. *See Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) ("If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject matter jurisdiction"). In this case, jurisdiction does not exist either under 28 U.S.C. § 1332(a) or CAFA, providing an additional basis for remand.

Finally, these principles must apply against the backdrop that in the case of removal, the defendant bears "the burden of establishing federal jurisdiction, and federal courts should

interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir.2009), citing *Doe v. Allied–Signal Inc.,* 985 F.2d 908, 911 (7th Cir.1993). Defendant cannot meet its burden such that this case should proceed in this Court.

   I.      **Defendant's Removal is Untimely.**

This Court need look no further than the removal statute and the face of Defendant's Notice of Removal to find that the removal comes too late. A defendant has 30 days from service of an initial pleading to remove an action to federal court where the basis for removal appears on the face of that initial pleading. 28 U.S.C. § 1446(b)(1). Defendant acknowledges that its removal relies on that initial pleading, but submits that the Seventh Circuit's decision in *Bryant v. Compass Group USA, Inc.* 958 F.3d 617 (7th Cir. 2020) provides a separate basis for removal at this late stage and after this Court's previous remand. Notice at ¶ 3. Defendant is wrong.

Under certain circumstances, 28 U.S.C. § 1446(b)(3) effectively restarts the 30-day clock on removal. This happens where a basis for removal did not appear in the initial pleading, ***and*** the defendant later receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The opinion in *Bryant*, a case in which neither party participated, did not trigger the basis for removal under subsection (b)(3). Indeed, the entirety of that subsection encompasses only documents "filed in the suit sought to be removed, not in some other suit." *Wisc. v. Amgen, Inc.*, 516 F.3d 530, 533–34 (7th Cir. 2008. This is a near-universal interpretation of Section 1446(b)(3). *Amgen*, 516 F.3d at 533–34. (collecting cases); *see also Ill. v.McGraw-Hill Co., Inc.*, No. 13 C 1725, 2013 WL 1874279, at *2 (N.D. Ill. May 2, 2013) (citing *Amgen* and collecting additional cases); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla 1999) (noting that "many courts have examined

and rejected the defendants' argument than an order entered in another case may constitute an 'order or other paper' pursuant to Section 1446(d)," and citing nine cases from various jurisdictions dating back as far as 1968).[1] *Bryant* does not constitute an "order or other paper from which it may first be ascertained" that this case was removable. Courts have uniformly rejected Defendant's position to the contrary for decades. This Court should remand the case to Circuit Court.

It bears noting that Defendant also cannot satisfy the first operative phrase in Section 1446(b)(3), requiring that basis for removal did not appear in the initial pleading. Plaintiff's Complaint has not changed since it was first filed and Defendant previously and unambiguously argued that "the allegations in Colon's Complaint establish Article III standing." Aug. 23, 2019 Def. Resp. to Mot. to Remand at 7. If Defendant wished to revisit this Court's October 17, 2019 Order finding otherwise and remanding the case, its recourse was to seek leave to appeal that Order pursuant to 28 U.S.C. § 1453(c)(1). This is precisely what the defendant in *Bryant* chose to do. 958 F.3d at 620. In any event *Bryant* did not create the jurisdiction on which Defendant now relies and has consistently advocated for, it merely clarified that it exists; the grounds for removal were in the Complaint all along.

Instead of exhausting its argument in favor of standing, Defendant proceeded with litigation in state court and utilized both that court's and the parties' resources there. Permitting the removal defendant seeks here, over a year after the case began and without any change in the instant litigation, would provide defendants with limitless opportunities to interrupt state court proceedings at any stage. The statute simply does not permit this result absent some bad faith on a plaintiff's part. *Amgen*, 516 F.3d at 534 (noting that restarting the 30-day removal clock based

---

[1] *Walker v. Trailer Transit, Inc.*, on which Defendant relies to argue that this removal is timely, is consistent with this rule. There, the court found the 30-day timeline triggered by defendant's receipt of discovery responses from plaintiff, which resulted in a new damages calculation that met the threshold for CAFA jurisdiction. 727 F.3d 819, 821 (7th Cir. 2013).

upon filings in other cases could permit removal "years after a suit had been proceeding in state court" without adequate justification); *see also U.S. v. Rice*, 327 U.S. 742, 751 (1946) (explaining the policy underlying the removal statute of "not permitting interruption of the litigation of the merits . . . by prolonged litigation of questions of jurisdiction of the district court . . ."). That this Court's previous remand order is in conflict with *Bryant* does not change these policy considerations. *In re: Lowe*, 102 F.3d 731, 735 (4th Cir. 1996) ("removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed; for this reason, in deciding whether to remand, the district court has one shot, right or wrong") (internal citations and quotations omitted).

## II. Plaintiff's Damages Cannot Reach the $75,000 Diversity Threshold

Defendant asks this Court to accept a contorted and implausible reading of the Complaint and the law in a strained attempt to establish how Plaintiff's damages could meet or exceed the $75,000 diversity threshold. It is implausible that Plaintiff's individual damages will so much as approach that amount.

Plaintiff's Complaint comports with the Illinois Supreme Court's interpretation of BIPA, as pronounced in *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186. *Rosenbach* explains that "[t]he duties imposed on private entities by section 15 of the Act regarding *collection, retention, disclosure, and destruction* of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right. Accordingly, when a private entity fails to comply with *one of section 15's requirements*, *that violation* constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric information is subject to the breach." *Id.* ¶ 33 (emphasis added). *Rosenbach* does not contemplate any manner of BIPA violations outside of those enumerated in Section 15. *See id.*

6

This language in *Rosenbach* clarifies that Defendant's proposed reading, which characterizes each time an employee clocks in or out as a distinct violation, is not how the Illinois Supreme Court reads the statute. Such an interpretation, in fact, would be absurd.[2]

Importantly, Plaintiff has not alleged that she is entitled to such extraordinary damages under BIPA. Her Complaint makes clear that she seeks statutory damages for each of **four** specific Section 15 violations specifically alleged in paragraphs 41–44. *See* Ex. A, ¶¶ 41–44; 740 ILCS 14/15. With maximum damages of $5,000 per violation, and four violations alleged, Plaintiff's maximum potential damages total $20,000. Defendant is not empowered to mischaracterize or expand Plaintiff's allegations to establish federal jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (explaining that the plaintiff, "as master of the case . . . may limit his claims to keep the amount in controversy below the threshold," and that "part of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands) (emphasis in original). Plaintiff's BIPA claims, as she has alleged them, do not amount to $75,000.

Defendant also asserts that attorneys' fees might push the total damages at issue over the threshold; this is incorrect. The amount in controversy requirement is measured as of the date of removal. *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 510–11 (7th Cir. 2006) (citations omitted). Thus, only those fees Plaintiff incurred as of June 4, 2020 may count towards the $75,000 minimum. *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 896–97 (7th Cir. 2003) ("post-

---

[2] Under Defendant's proposed reading, every employee of a non-compliant Illinois business who clocked in four times per day (at the beginning and end of their workday and the beginning and end of their lunch break) would stand to recover either $4,000 (for negligent violations) or $20,000 (for reckless violations) *per day worked*. This is not a conceivable result and therefore cannot properly support jurisdiction. *See Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 894 (7th Cir. 2003) (where it is legally certain that the amount-in-controversy will not be met, "the court must dismiss the case for want of jurisdiction").

filing attorney's fees cannot count toward the amount in controversy requirement"). Plaintiff's attorneys' fees incurred through that date total $39,082.40. This figure places the total amount in controversy between $43,082.40 and $49,082.40, neither of which will permit jurisdiction under 28 U.S.C. § 1332(a).

Finally, while Defendant references Plaintiff's request for injunctive relief, it does not attach any proposed value to such relief. However, because the value of injunctive relief "is valued by the measure of the object of the litigation," *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) the Court need only reference the monetary damages sought in the Complaint and explained in detail above. The object of the litigation here is the recovery of statutory damages authorized by BIPA, not injunctive relief. Thus, no value should necessarily attach to the non-monetary request for relief for purposes of the amount in controversy.

### III. The Total Damages Cannot Reach the $5MM CAFA Threshold

As is the case with its attempt to invoke diversity jurisdiction, Defendant can only invoke jurisdiction pursuant to CAFA by mischaracterizing Plaintiff's allegations. The damages Plaintiff in fact seeks do not meet the $5,000,000 CAFA threshold. Colon's individual damages, per *Rosenbach* and her own allegations, do not exceed $20,000. She alleges a class size of approximately 200 people. Ex. A ¶ 22. In all, the maximum damages at issue cannot exceed $4,000,000 (200 class members x $5,000 per violation x 4 violations per member), well below the CAFA threshold. Thus, this Court cannot exercise jurisdiction pursuant to CAFA either.

### IV. Alternatively, this Court should Sever and Remand the 15(a) Claim

While *Bryant* is of no use to Defendant, it does provide this Court with a basis to sever and remand a subset of Plaintiff's BIPA claims. Should the Court decline to remand this case, Plaintiff seeks in the alternative that it sever and dismiss without prejudice Plaintiff's claim pursuant to

8

BIPA Section 15(a). A violation of that section does not amount to a concrete injury such that this Court can exercise subject matter jurisdiction over that particular harm. *Bryant*, 958 F.3d at 626; *see also Fox v. Dakkota Integrated Sys.*, No. 19 cv 2872, May 26, 2020 Order (Kocoras, J.) (severing and dismissing without prejudice 15(a) claims based upon *Bryant*) (attached as Exhibit B); *Kloss v. Acuant, Inc.*, No. 19 C 6353, 2020 WL 2571901, at *1 (N.D. Ill. May 21, 2020) (Kocoras, J.) (same).

V. **This Court should Award Plaintiff her Fees incurred in Connection with her Motion to Remand.**

The removal statute empowers a district court entering a remand order to require payment of "costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As explained in Section I, decades of caselaw across district and circuit courts makes clear that *Bryant* did nothing to change the removability of this case at this late stage. Given this, there was no legitimate basis for the second removal. Its only effect will be to further delay an already sluggish case and drive up both parties' fees. In light of *Wisconsin v. Amgen* and its progeny, Defendant cannot establish any "objectively reasonable basis" for its untimely removal attempt. An award to Plaintiff of her fees is appropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 141 (2005) ("absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal"). Plaintiff will submit, as an exhibit to her reply brief, a calculation of the total fees incurred in connection with this motion.

**CONCLUSION**

Defendant's Notice of Removal comes a year too late, and *Bryant* cannot save it. Further, Plaintiff's claims do not confer diversity jurisdiction or CAFA jurisdiction. Plaintiff seeks remand of this matter to the Circuit Court of Cook County, Illinois, and payment of just her attorneys' fees incurred as a result of the removal.

**In the alternative**, Plaintiff requests that this Court sever her claim pursuant to BIPA Section 15(a) for lack of subject matter jurisdiction.

Dated: July 3, 2020

Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
acaffarelli@caffarelli.com
mengel@caffarelli.com

Respectfully submitted,

TAMARA COLON, individually and on behalf of all others similarly situated,

By: /s/ *Madeline K. Engel*
    Attorney for the Plaintiff

10