## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>     v.<br><br>DYNACAST LLC,<br><br>                  Defendant. | Case No. 1:20-cv-3317<br><br>District Judge Robert M. Dow, Jr.<br><br>Magistrate Judge M. David Weisman |

## DEFENDANT DYNACAST LLC'S OPPOSITION TO PLAINTIFF'S
## MOTION TO REMAND

DATED:  August 6, 2020

Respectfully submitted,

By: /s/ Joseph A. Donado

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

***Attorneys for Defendant Dynacast LLC***

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT.................................................................................................................2

I.    Upon The Seventh Circuit's Recent Ruling On Article III Standing In The BIPA Context, Dynacast Promptly Filed A Successive Notice Of Removal..........................2

II.    The Amount-In-Controversy Requirement Is Satisfied For Both CAFA And General Diversity-Of-Citizenship Jurisdiction..............................................................5

        A.    The Allegations In The Notice Of Removal Combined With Colon's Own Theory Of Damages Establish CAFA Jurisdiction (28 U.S.C. § 1332(d)(2)). ...............5

        B.    The Requisite Amount In Controversy for Diversity of Citizenship Jurisdiction Is Satisfied (28 U.S.C. § 1332(a)). ..........................................................6

III.    Although Colon Has Not *Actually* Suffered A Distinct And Palpable Injury, Her Complaint *Alleges* That She Has, Thus Satisfying Article III As To Her Entire Claim. ..........10

IV.    Substantive Consideration Of Plaintiff's Request For Fees Should Be Deferred Until After The Court Rules On Colon's Motion. ..................................................14

CONCLUSION..........................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agostini v. Felton,*
  521 U.S. 203 (1997)............................................................................................3

*Appert v. Morgan Stanley Dean Witter, Inc.,*
  673 F.3d 609 (7th Cir. 2012)...........................................................................13

*Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n,*
  135 S. Ct. 2652 (2015) ....................................................................................13

*Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,*
  637 F.3d 827 (7th Cir. 2011).............................................................6, 7, 8, 14

*BEM I, L.L.C. v. Anthropologie, Inc.,*
  301 F.3d 548 (7th Cir. 2002)..............................................................................9

*Benson v. SI Handling Sys., Inc.,*
  188 F.3d 780 (7th Cir. 1999)...............................................................1, 2, 5, 14

*Betzner v. Boeing Co.,*
  910 F.3d 1010 (7th Cir. 2018) ...........................................................................7

*Blomberg v. Serv. Corp. Int'l,*
  639 F.3d 761 (7th Cir. 2011)........................................................................6, 14

*Bogie v. Rosenberg,*
  705 F.3d 603 (7th Cir. 2013).............................................................................12

*Bond v. Utreras,*
  585 F.3d 1061 (7th Cir. 2009) ..........................................................................13

*Brierly v. Alusuisse Flexible Packaging, Inc.,*
  184 F.3d 527 (6th Cir. 1999)...............................................................................5

*Bryant v. Compass Group USA, Inc.,*
  958 F.3d 617 (7th Cir. 2020)......................................................................passim

*Bultasa Buddhist Temple of Chicago v. Nielsen,*
  878 F.3d 570 (7th Cir. 2017).............................................................................11

*Collier v. SP Plus Corp.,*
  889 F.3d 894 (7th Cir. 2018).........................................................................2, 11

*Colon* v. *Dynacast, LLC,*
No. 19-CV-4561, 2019 WL 5536834, *4 (N.D. Ill. Oct. 17, 2019)............................................ 13, 15

*Crabtree v. Experian Info. Sols., Inc.,*
948 F.3d 872 (7th Cir. 2020)............................................................................................... 12

*Craftwood II, Inc. v. Generac Power Sys., Inc.,*
920 F.3d 479 (7th Cir. 2019)............................................................................................... 11

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
574 U.S. 81 (2014).........................................................................................................6, 14

*Diedrich v. Ocwen Loan Servicing, LLC,*
839 F.3d 583 (7th Cir. 2016)........................................................................................... 11, 13

*Fernandez v. Kerry, Inc.,*
No. 17 C 8971, 2020 WL 1820521 (N.D. Ill. Apr. 10, 2020) .................................... 10, 15

*Fujisawa Pharm. Co. v. Kapoor,*
115 F.3d 1332 (7th Cir. 1997) ............................................................................................ 3

*Gadelhak v. AT&T Servs., Inc.,*
950 F.3d 458 (7th Cir. 2020)........................................................................................... 12, 13

*Galvan v. Norberg,*
678 F.3d 581 (7th Cir. 2012)..........................................................................................3, 14

*Gardynski-Leschuck v. Ford Motor Co.,*
142 F.3d 955 (7th Cir. 1998)............................................................................................... 7

*Glenwood Light Co. v. Mutual Light Co.,*
239 U.S. 121 (1915)............................................................................................................ 10

*Hart v. Schering-Plough Corp.,*
253 F.3d 272 (7th Cir. 2001)............................................................................................... 7

*Hunt v. Washington State Apple Advert. Comm'n,*
432 U.S. 333 (1977)............................................................................................................. 7

*Kurowski v. Krajewski,*
848 F.2d 767 (7th Cir. 1988)............................................................................................... 5

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992)............................................................................................................ 11

*Macken ex rel. Macken v. Jensen,*
333 F.3d 797 (7th Cir. 2003)............................................................................................... 7

*MainStreet Org. of Realtors v. Calumet City, Ill.,*
   505 F.3d 742 (7th Cir. 2007) .................................................................................. 13

*Meridian Sec. Ins. Co. v. Sadowski,*
   441 F.3d 536 (7th Cir. 2006) ................................................................................... 9

*Midlock v. Apple Vacations W., Inc.,*
   406 F.3d 453 (7th Cir. 2005) ................................................................................... 2

*Oshana v. Coca-Cola Co.,*
   472 F.3d 506 (7th Cir. 2006) ......................................................................... 7, 8, 10

*Peatry v. Bimbo Bakeries USA, Inc.,*
   No. 19 C 2942, 2019 WL 3824205 (N.D. Ill. Aug. 7, 2019) ................................... 10, 15

*Price v. Wyeth Holdings Corp.,*
   505 F.3d 624 (7th Cir. 2007) ................................................................................... 5

*Roberson v. Symphony Post Acute Care Network,*
   2019 IL App (5th) 190144-U .................................................................................. 10

*Rubel v. Pfizer, Inc.,*
   361 F.3d 1016 (7th Cir. 2004) ................................................................................ 8, 9

*Sabrina Roppo v. Travelers Commercial Ins. Co.,*
   869 F.3d 568 (7th Cir. 2017) ................................................................................... 5

*Santamarina v. Sears, Roebuck & Co.,*
   466 F.3d 570 (7th Cir. 2006) ................................................................................... 3

*Schur v. L.A. Weight Loss Ctrs., Inc.,*
   577 F.3d 752 (7th Cir. 2009) ................................................................................... 6

*In re Shell Oil Co.,*
   970 F.2d 355 (7th Cir. 1992) ................................................................................... 8

*Silha v. ACT, Inc.,*
   807 F.3d 169 (7th Cir. 2015) .................................................................................. 11

*Spiegel v. Schulmann,*
   604 F.3d 72 (2d Cir. 2010) .................................................................................... 12

*Spivey v. Vertrue, Inc.,*
   528 F.3d 982 (7th Cir. 2008) ................................................................................. 6, 14

*Spokeo, Inc. v. Robins,*
   136 S. Ct. 1540 (2016) .......................................................................................... 11

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ........................................................................................................14

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ..........................................................................................................12

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) .........................................................................................10

*Stoller v. Berkshire Hathaway, Inc.*,
  No. 18-CV-47, 2018 WL 10419769 (N.D. Ill. Feb. 20, 2018) ........................................8

*Tincher v. Piasecki*,
  520 F.2d 851 (7th Cir. 1975) .....................................................................................4, 14

*Travelers Prop. Cas. v. Good*,
  689 F.3d 714 (7th Cir. 2012) ...........................................................................................1

*In re UAL Corp. (Pilots' Pension Plan Termination)*,
  468 F.3d 444 (7th Cir. 2006) ...........................................................................................5

*In re UAL Corp. (Pilots' Pension Plan Termination)*,
  468 F.3d at 453–54 .........................................................................................................14

*United States v. Clark*,
  445 U.S. 23 (1980) ............................................................................................................5

*Walker v. Trailer Transit, Inc.*,
  727 F.3d 819 (7th Cir. 2013) ...........................................................................3, 4, 5, 14

*Warth v. Seldin*,
  422 U.S. 490 (1975) ........................................................................................................11

*Webb v. Fin. Indus. Regulatory Auth., Inc.*,
  889 F.3d 853 (7th Cir. 2018) ...........................................................................................7

*Workman v. United Parcel Serv., Inc.*,
  234 F.3d 998 (7th Cir. 2000) ...........................................................................................8

**Statutes**

28 U.S.C. § 1332(a) ..........................................................................................1, 6, 10, 15

28 U.S.C. § 1332(d)(2) .......................................................................................1, 5, 6, 15

28 U.S.C. § 1446(b) ...........................................................................................................5

28 U.S.C. § 1446(b)(3) .......................................................................................................2

28 U.S.C. § 1446(c) ...........................................................................................................5

28 U.S.C. § 1447(c) .................................................................................................... 2

28 U.S.C. § 1453(b) .................................................................................................... 5

28 U.S.C. § 1453(c)(1) ................................................................................................ 4

**Other Authorities**

16 Fed. Prac. & Proc. Juris. § 3931.1 (3d ed.) ......................................................... 4

Restatement (Second) of Torts § 652F cmt. B .......................................................... 12

On June 4, 2020, Defendant Dynacast LLC removed this case under the Class Action Fairness Act and on general diversity-of-citizenship grounds based on its good faith estimate of the amount that Plaintiff Tamara Colon can put in controversy. (Notice of Removal [Dkt. #1] at ¶¶9-19.) This is Dynacast's second removal. Upon its first removal, the Court remanded for lack of Article III jurisdiction on grounds that now conflict with the Seventh Circuit's recent ruling in *Bryant v. Compass Group USA, Inc.,* 958 F.3d 617 (7th Cir. 2020), as Colon concedes (*see* Pl.'s Motion [Dkt. #13] at 6 ("[t]his Court's previous remand order is in conflict with *Bryant . . .*")). Despite this concession, Colon has moved to remand the case, contending that Dynacast's notice of removal is untimely and further contending that the amount in controversy falls below the jurisdictional thresholds in 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1332(a).[1] (*See* Pl.'s Motion [Dkt. #13] at 4-8.)

Colon's contentions have no merit. First, it is entirely permissible for a defendant to file a successive notice of removal "when intervening events justify that step." *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782–83 (7th Cir. 1999). Intervening events so justify here: Dynacast promptly filed the its notice of removal within thirty (30) days of the Seventh Circuit opinion establishing that the initial remand order was in error. Second, based on Colon's own damages theory—that each class member can obtain up to $20,000 (*id.* at 7, 8)—and the size of the putative class—of more than 300 persons—the aggregate amount in controversy well exceeds the $5,000,000 threshold under CAFA. (Notice of Removal [Dkt. #1] at ¶¶18, 19.) Third, even considering just the amount in controversy as to Colon's personal claim—which is the point of analysis for general diversity-of-citizenship jurisdiction, *see Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012)—it is not "legally impossible" for Colon to recover in excess of $75,000 in damages, attorneys' fees, and the estimated value of her request for injunctive relief. Therefore, the amount in controversy for purposes of 28

---

[1] Colon concedes the parties satisfy the diversity-of-citizenship requirement for jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and the general diversity statute, 28 U.S.C. § 1332(a).

U.S.C. § 1332(a) is likewise satisfied.  For all these reasons, this Court's subject matter jurisdiction is secure, and Colon's motion for remand should be denied.[2]

## ARGUMENT

### I. Upon The Seventh Circuit's Recent Ruling On Article III Standing In The BIPA Context, Dynacast Promptly Filed A Successive Notice Of Removal.

Dynacast's notice of removal is timely.  As an initial matter, "[n]either [28 U.S.C.] § 1447(c) nor anything else in the sections of the Judicial Code devoted to removal forbids successive removals." *See Benson*, 188 F.3d at 782–83; *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456–57 (7th Cir. 2005) (same; citing authority).  Thus, a successive notice of removal may be filed whenever "intervening events justify that step."  *See Benson*, 188 F.3d at 782–83; *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (noting that "[i]f, after remand, [a plaintiff] were to amend their complaint to state an injury in fact, 28 U.S.C. § 1446(b)(3) would permit [the defendant] to then remove the case to federal court").  In accordance with this authority, Dynacast removed this case in light of a development in the case law, namely the Seventh Circuit's recent holding that at least certain BIPA claims satisfy Article III's standing requirements, as that holding overruled the rationale adopted by this Court and several others in remanding cases just like this one.  *See Bryant*, 958 F.3d at 623-36 (holding Article III standing exists even absent "some further harm" with the Seventh Circuit specifically identifying this case as an example of District Court rulings that conflict with its holding).

To be sure, the *Bryant* opinion comprises an "intervening event" that justifies a successive removal.  As the Seventh Circuit noted in *Benson*, "intervening events" are to be evaluated under "law of the case" principles, *see Benson*, 188 F.3d at 783, which have long recognized that earlier rulings in a case may be revisited when there is "a change in, or clarification of, law that makes clear that the earlier

---

[2] In the alternative to remand outright, Colon requests that a certain portion of her claims be severed and remanded.  (*See* Pl.'s Motion for Remand [Dkt. #13] at 8-9)  For the reasons asserted in Argument Section III below, the Court can exercise subject matter jurisdiction over the entire case.

ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (under law-of-the-case doctrine a "new appellate decision" gives reason to revisit prior ruling); *Fujisawa Pharm. Co. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997) (same); *see also Agostini v. Felton*, 521 U.S. 203, 215 (1997) (a "court may recognize subsequent changes in [] decisional law" and errs when it refuses to modify an order "in light of such changes"). And although it was under no obligation to do so—a point to be discussed below—Dynacast promptly filed its second notice of removal within thirty (30) days of when the *Bryant* opinion issued.

In contending that Dynacast's removal is untimely, Colon seems to laboring under a fundamental misunderstanding: that there needs to be a "triggering event" before a defendant can remove a case from state court. (*See* Pl.'s Motion [Dkt. #13] at 4-6.) While it is true that "[t]he 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable," "the moment a case becomes removable and the moment the 30–day removal clock begins to run are not two sides of the same coin." *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) (internal quotation omitted). What this means in practice is that a case may be removable even though the "removal clock never started to run," which is why the Seventh Circuit has rejected the same argument Colon posits here. *Id.* (further noting that plaintiff "insists that the 30–day removal clock should begin to run the first moment it becomes possible for the defendant to remove the case. No court of appeals has adopted this rule, and for good reason" because plaintiff's "proposed rule conflates the timeliness question with the factual inquiry into whether the case is substantively appropriate for removal"). Thus, it is simply immaterial whether the *Bryant* decision constitutes an "other paper" that "restarts the 30-day clock" or "trigger[s] [a] basis for removal." (Pl.'s Motion [Dkt. #13] at 4-5.)

Put differently, timeliness only ever becomes an issue if a defendant receives from the plaintiff a document that "on its face or in combination with earlier-filed pleadings, provides specific and

unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Walker*, 727 F.3d at 821-25. So, it would be impossible for timeliness to be in issue here because Colon has always contended—including in her current motion to remand—that her Complaint does **not** establish federal-court jurisdiction. (Pl.'s Motion [Dkt. #13] at 6-9 (Colon asserting that her Complaint does not satisfy the jurisdictional thresholds for amount in controversy).) Given that neither the Complaint nor any other pleading or paper affirmatively and unambiguously alleges the total amount of damages being sought, the 30-day time limit on removal was never triggered and this Notice of Removal is timely. Colon is simply wrong to contend otherwise.

Colon is also wrong to suggest that Dynacast waived its legal position by failing to seek permissive appeal of the Court's remand order. (*See* Pl.'s Motion [Dkt. #13] at 5 (asserting that "[i]f [Dynacast] wished to revisit [the remand order], its recourse was to seek leave to appeal that Order pursuant to 28 U.S.C. § 1453(c)(1)")) Colon again misses a fundamental point: because a permissive appeal constitutes "an opportunity, not an obligation," 16 FED. PRAC. & PROC. JURIS. § 3931.1 (3d ed.), a litigant need not pursue an interlocutory appeal in order to preserve legal arguments in the case going forward, *see Tincher v. Piasecki*, 520 F.2d 851, 854 n.3 (7th Cir. 1975). Indeed, the Seventh Circuit long ago labeled any such contention "frivolous":

> Lawyers often argue that failure to take an available interlocutory appeal forfeits any opportunity to present the argument later, but this proposition has not fared well. Thirty years ago we called "frivolous" an argument that failure to take an interlocutory appeal forfeits the litigant's position. *Tincher v. Piasecki*, 520 F.2d 851, 854 n.3 (7th Cir. 1975). It has not gained support in the intervening years, so it is surprising to see it adopted by a district judge—whose terse opinion does not cite any authority. Litigants bypass opportunities for interlocutory review all the time. For example, a decision to issue (or deny a motion for) a preliminary injunction is an appealable order, but a litigant who decides to accept defeat at that stage and proceed straight to resolution of the permanent injunction does not thereby give up all chance of prevailing on the merits. * * *
>
> The privilege to take an interlocutory appeal exists for the appellant's protection. Such appeals come at great cost to the judicial system because they may prolong litigation and require appellate courts to cope with each case more than once. * * * If the aggrieved party is content to swallow his losses and proceed with the case no interest

-4-

of either the judicial system or the adverse party is served by treating the whole subject as forfeit. That would simply induce litigants to file more interlocutory appeals.

*In re UAL Corp. (Pilots' Pension Plan Termination)*, 468 F.3d 444, 453–54 (7th Cir. 2006) (certain internal citation and punctuation omitted). The cases supporting this principle are legion, *see, e.g., id.*; *see also, e.g., United States v. Clark*, 445 U.S. 23, 25 n.2 (1980) (citing authority); *Kurowski v. Krajewski*, 848 F.2d 767 (7th Cir. 1988) (citing authority), and together they establish that Colon's contrary position is utterly baseless.

One other point bears mentioning. Colon's offhand reference to a one-year time limit on removal (Pl.'s Motion [Dkt. #13] at 5-6) is wholly inapplicable to cases, like this one, that assert jurisdiction under CAFA. *See* 28 U.S.C. § 1453(b); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) ("CAFA [] loosens removal requirements" and "there is no one-year limit on the timing of removal"); *Walker*, 727 F.3d at 823 (the "one-year time limit for removal does not apply to CAFA cases"). That time limit also is inapplicable under the general diversity-of-citizenship statute where the case was removable upon the initial pleading, such as it is here for the obvious reason that Dynacast's removal is predicated on Colon's original complaint. *See* 28 U.S.C. § 1446(b), (c); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007); *see also Benson*, 188 F.3d at 783 (noting as an example that a one-year time limit would apply under general diversity jurisdiction if the initial pleading named a party who "spoiled complete diversity of citizenship"). The notice of removal is timely.

## II.    The Amount-In-Controversy Requirement Is Satisfied For Both CAFA And General Diversity-Of-Citizenship Jurisdiction.

### A.    The Allegations In The Notice Of Removal Combined With Colon's Own Theory Of Damages Establish CAFA Jurisdiction (28 U.S.C. § 1332(d)(2)).

This case satisfies CAFA's amount-in-controversy threshold. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action * * *"); *see*

*also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("There is no presumption against federal jurisdiction in general, or removal in particular. [CAFA] must be implemented according to its terms, rather than in a manner that disfavors removal of large-stakes, multi-state class actions.").[3] As Colon concedes in her motion, she intends to seek at least $20,000 in statutory damages—and potentially more under the per-scan theory of damages discussed below—for herself and each member of the putative class. (Pl.'s Motion [Dkt. #13] at 8.) Thus, given that the class potentially includes more than 300 members (Notice of Removal [Dkt. #1] at ¶¶18, 19; Ex. A),[4] the amount "in controversy" here comprises more than $6,000,000, which, of course, exceeds CAFA's jurisdictional threshold. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *cf. Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (to sustain jurisdiction under CAFA a "good-faith estimate is acceptable if it is plausible and adequately supported by the evidence"). Therefore, the Court has subject matter jurisdiction based on the jurisdictional grant found in 28 U.S.C. § 1332(d)(2). The CAFA analysis is as simple as that.

### B. The Requisite Amount In Controversy for Diversity of Citizenship Jurisdiction Is Satisfied (28 U.S.C. § 1332(a)).

The Court also has subject matter jurisdiction under the general diversity-of-citizenship statute. 28 U.S.C. § 1332(a). When evaluating whether the amount in controversy is satisfied under

---

[3] Contrary to what Colon suggests (Pl.'s Motion [Dkt. #13] at 3-4 (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)), "no anti-removal presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

[4] While it is true that the Complaint alleges that "Defendant employs **at least** 200 individuals in Illinois who are similarly situated persons and potential Class members" (Pl.'s Compl. [Dkt. #1-1] at ¶22 (emphasis added)), that allegation is not inconsistent with what Dynacast alleged in its notice of removal, *i.e.*, that "approximately 300 persons" worked at the facility in question (Notice of Removal [Dkt. #1] at ¶¶18, 19; *see also id.* at 8 n.1). In any event, to the extent the Court deems it necessary for Dynacast to supply evidence in support of its class-size estimate, Dynacast will note that it previously supplied a declaration substantiating the fact that approximately 305 persons used the time clock upon which Colon bases her claim. For the Court's convenience, Dynacast has attached that prior declaration as Exhibit A.

that jurisdictional grant, a court may consider not only the amount of damages in controversy, but also the value of the plaintiff's sought-after injunctive relief, as well as her attorneys' fees as of the time of removal. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (similar); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957-59 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar). Here, Colon concedes that she is personally pursuing "at least four distinct violations of BIPA" (Pl.'s Compl. [Dkt. #1-1] at ¶36) and (at least) $20,000 in liquidated damages (Pl.'s Motion [Dkt. #13] at 7, 8).[5] Thus, under Colon's own damages theory, if the value of Colon's requested equitable relief and her attorneys' fees together exceed $55,000, her personal claim exceeds the requisite amount-in-controversy for purposes of general diversity-of-citizenship jurisdiction.

Doubtless the notice of removal sets forth good-faith estimates in this regard. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) (a "plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiffs' claim is for less than the requisite amount"); *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) (similar). For starters, Colon could have foresworn that her sought-after recovery was less than the jurisdictional threshold, but she failed to do so. Accordingly, Dynacast's good faith estimate should be accepted as true, *see Back Doctors*, 637 F.3d at 830 ("When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's

---

[5] Because Colon has not **stipulated** to seeking fewer damages, her supposed limit on damages is irrelevant for present purposes. *See Oshana*, 472 F.3d at 510-12. As set forth below, Dynacast can supply its own estimate of the damages that are "in controversy."

estimate."); *Oshana*, 472 F.3d at 510–11 (similar); *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) (similar), which makes sense given that Colon's failure to so act gives rise to "the inference [ ] that [s]he thinks [her] claim may be worth more" than the jurisdictional threshold, *see Oshana*, 472 F.3d at 512; *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (same); *see also In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (similar).

In other words, Colon "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount." *Oshana*, 472 F.3d at 512. Thus, while Colon previously asserted in her prior motion to remand—and the motion before the Court (Pl.'s Motion [Dkt. #13] at 6-8)—that she could not possibly obtain an amount in excess of the jurisdictional threshold—those "disclaimers" are of no legal effect. *See Oshana*, 472 F.3d at 511–12. If Colon "really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit," but having failed to do so she cannot now prevent removal given that the recovery of damages might theoretically exceed that threshold. *Id.* (citing authority); *In re Shell Oil Co.*, 970 F.2d at 356 ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"); *Workman*, 234 F.3d at 1000 (same); *see also Back Doctors*, 637 F.3d at 830 ("When a plaintiff does not tie its own hands, the defendant is entitled to present a good-faith estimate of the stakes," which "controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible."); *Stoller v. Berkshire Hathaway, Inc.*, No. 18-CV-47, 2018 WL 10419769, at *2 (N.D. Ill. Feb. 20, 2018) (a stipulation must state plaintiff will not accept an award in excess of $75,000, not just that plaintiff does not seek one).

Moreover, given that Colon asserts that her attorneys' fees to date are $39,082.40, the amount she concedes to be in controversy is $59,082.40.[6] Thus, even under Colon's supposed damages

---

[6] Colon's motion contains an apparent mathematical error. Colon asserts she has incurred $39,082.40 in attorneys' fees as of removal and that she is seeking at least $20,000 in liquidated damages. In light of these assertions, the amount in controversy is at least $59,082.40, not $49,082.40. (Pl.'s Motion [Dkt. #13] at 8.)

theory—and, for reasons addressed elsewhere herein, that theory is not dispositive—the value of Colon's other forms of requested relief are likewise factored into the amount-in-controversy analysis. (*See* Pl.'s Compl. [Dkt. #1-1] at 9 (Colon seeking an award of "injunctive and other equitable relief as is necessary to protect the interests of the BIPA Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA").) When, like here, a plaintiff has requested injunctive relief, that relief can be valued for amount-in-controversy purposes "from either side's viewpoint," *i.e.*, "what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant," *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (same; the "purpose of allowing removal in diversity cases is to enable a nonresident defendant to move the case against him from state to federal court, provided the case is not trivial"), and Colon is simply incorrect to suggest otherwise (*see* Pl.'s Motion [Dkt. #13] at 8 (arguing that "the Court need only reference the monetary damages sought in the Complaint * * * Thus, no value should necessarily attach to the non-monetary request for relief for purpose of the amount in controversy").)

One would think that a plaintiff seeking injunctive relief would not assert that that requested relief has no value whatsoever (*id.*), particularly given that the hallmark of injunctive relief is that its proponent believes it will likely suffer "irreparable harm"—or else there would be no basis to request that relief—that surely must mean **something** to the plaintiff. *See also Rubel*, 361 F.3d at 1020 ("plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum or by insisting that injunctions do not count toward the amount in controversy"). Thus, if an injunction would help Colon avoid the further injury that she references in her complaint (Pl.'s Compl. [Dkt. #1-1] at ¶¶20, 29, 46), Dynacast respectfully submits that a good-faith estimate of what a judgment would mean to Colon would in itself exceed $15,917.61, *i.e.*, the difference between the jurisdictional threshold and amount she concedes to be in controversy,

particularly since she is seeking liquidated damages greater than that amount. *See also Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012) (liquidated damages are intended to estimate actual damages from injury); *Glenwood Light Co. v. Mutual Light Co.*, 239 U.S. 121 (1915) (measuring the amount in controversy by the value of the rights which the plaintiff seeks to protect).

Plus, even setting aside the value of injunctive relief and attorneys' fees, Colon's request for liquidated damages alone would suffice. On this point, Dynacast posited that Colon may contend— as purported class counsel in another BIPA case involving the undersigned has suggested, *see Roberson v. Symphony Post Acute Care Network*, 2019 IL App (5th) 190144-U, ¶20 n.4 (reflecting refusal to articulate a damages theory)—that she can recover liquidated damages on a per-scan basis across her years-long tenure with Dynacast.[7] (Notice of Removal [Dkt. #1] at ¶10; Pl.'s Compl. [Dkt. #1-1] at ¶9.) To be clear, Dynacast believes this theory conflicts with legislative intent and would yield class-wide damages so astronomical that those damages would violate Due Process and other jurisprudential principles. (Notice of Removal [Dkt. #1] at ¶10.) But for present purposes, the issue is whether it is "legally impossible" for Colon to recover damages of this magnitude, and (unfortunately) as things stand now Colon has not stipulated to cap her damages, *Oshana*, 472 F.3d at 510–12, and no state court of review has yet debunked this outlandish theory, *see Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2019 WL 3824205, at *3 (N.D. Ill. Aug. 7, 2019) (crediting a per-scan theory for amount-in-controversy purposes in a BIPA case because it is not "legally impossible"); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *3–4 (N.D. Ill. Apr. 10, 2020) (same). This reason, too, thus establishes that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

### III. Although Colon Has Not *Actually* Suffered A Distinct And Palpable Injury, Her Complaint *Alleges* That She Has, Thus Satisfying Article III As To Her Entire Claim.

Colon's request to sever her Section 15(a) claim should be denied. The "irreducible"

---

[7] This point would apply equally to calculating the amount in controversy for CAFA purposes.

components of Article III standing are familiar and enduring: to have standing, a plaintiff must have allegedly "[1] suffered an injury in fact, [2] that is fairly traceable to the challenged conduct of the defendant, and [3] that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) In evaluating whether a complaint adequately pleads the elements of standing, a court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (removing party bears burden of demonstrating that the plaintiff's allegations satisfy Article III).

The allegations in Colon's Complaint establish Article III standing for Colon's claim under Section 15(a) of BIPA. (*See* Pl.'s Motion [Dkt. #13] at 8-9 (Colon contending the Court should sever and remand her Section 15(a) claim).) Although Dynacast believes Colon has not suffered any sort of **actual** injury, much less one that is "distinct and palpable," the question for Article III purposes is whether Colon **alleges** an injury-in-fact. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal punctuation omitted); *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (to "test[] the jurisdictional sufficiency of the complaint" a court "accept[s] as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs"); *see also Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016) ("Alleging injury for purposes of standing is not the same as submitting adequate evidence of injury under the statute to survive a motion for summary judgment."); *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019) (similar). Accordingly, for the limited purpose

of its notice of removal, Dynacast merely credited Colon's own allegations and the reasonable inferences arising therefrom.

An alleged invasion of privacy is sufficient to sustain jurisdiction.[8] *See, e.g., Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 879–80 (7th Cir. 2020) (noting "[t]he common law recognized some right to privacy that encompasses the individual's control of information concerning his or her person" (internal quotation omitted)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (to determine injury-in-fact courts evaluate whether the alleged injury is "of the sort traditionally amenable to, and resolved by, the judicial process"); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) ("[W]hen Spokeo instructs us to analogize to harms recognized by the common law, we are meant to look for a 'close relationship' in kind, not degree."). And an alleged invasion of privacy may occur when a defendant uses a plaintiff's private information beyond the plaintiff's consent. *See, e.g.,* RESTATEMENT (SECOND) OF TORTS § 652F cmt. B; *Bogie v. Rosenberg*, 705 F.3d 603, 612 (7th Cir. 2013); *Spiegel v. Schulmann*, 604 F.3d 72, 77 (2d Cir. 2010).

Here, Colon squarely alleges that Dynacast has already "violated [her] right[] to privacy in their biometric identifiers and biometric information" (Pl.'s Compl. at ¶46), which ought to suffice in itself to satisfy Article III as to all aspects of Colon's claims. In addition, Colon alleges that she was "required" to use a fingerprint scanner to clock into work, and that she her "fingerprint" is used as a "authentication method." (*Id.* at ¶¶11, 13.) She further alleges, however, that she does not know for what purposes or for how long Dynacast collected and retained her private information. (*Id.* at ¶¶16, 43; *see also id.* at ¶20 (alleging Dynacast violated BIPA in such a manner that it "continuously and

---

[8] The Seventh Circuit's opinion in *Bryant* does not counsel a different result. As the Court there noted its "analysis is [] limited to the theory [plaintiff] invoked," which pertained to an alleged duty "owed to the public generally" where the plaintiff "allege[d] no particularized harm that resulted from Compass's violation of section 15(a)." *Bryant*, 958 F.3d at 626. Here, in contrast, the allegations at issue sustain an alternative basis for Article III jurisdiction given that Colon squarely alleges an invasion of privacy and that Dynacast's conduct caused that particularized harm. Moreover, unlike *Bryant*, this case arises in the employment context, and thus the theory invoked has nothing to do with obligations "owed to the public generally."

repeatedly" "exposed [Colon and the putative class] to risks, harmful conditions, and violations of privacy through [Dynacast's] violations of BIPA as described herein")).)  And while Dynacast disagrees with those allegations, and disagrees with the contention that any "invasion of privacy" has actually occurred (or any imminent risk thereof), those allegations sufficiently establish an injury-in-fact for Article III purposes because they suggest the Dynacast has acted beyond Colon's consent, which is a ***kind of*** injury recognized at common law.  *See, e.g., Gadelhak*, 950 F.3d at 463 (although injury "may be too minor an annoyance to be actionable at common law," it can nonetheless be cognizable under Article III if it is the "same kind of harm that common law courts recognize").[9]

Accordingly, Colon's allegation that Dynacast collected and stored her private biometric information for unknown purposes and for an unknown period of time suffices for Article III standing.[10]  And while it is interesting to note that Colon moves for remand in effect contending that she has not suffered, and is not at imminent risk of suffering, a distinct and palpable injury sufficient to sustain her Section 15(a) claim—but yet will be seeking to obtain massive class-wide damages potentially in excess of $1.525 million for those that portion of her claim—the point remains that her ***allegations*** establish standing, thereby rendering remand inappropriate.  *See Appert v. Morgan Stanley*

---

[9] This is not to say that Colon is destined to prevail on the injury element of her claim.  *See MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 745 (7th Cir. 2007) (Article III does not require "certainty": "A case is not dismissed for failure to invoke federal jurisdiction just because the plaintiff fails to prove injury. Ordinarily [] the allegation is enough."); *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) (standing doctrine "requires litigants to establish an injury to an interest "that the law protects when it is wrongfully invaded," and this is "quite different from requiring them to establish a meritorious legal claim").  Indeed, "one must not confuse weakness on the merits with absence of Article III standing," *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2663 (2015) (internal quotation omitted); and that's why an alleged injury can be sufficient to establish Article III jurisdiction, but yet insufficient on the merits, *see, e.g., Diedrich*, 839 F.3d at 589.  In other words, "[a]lleging injury for purposes of standing is not the same as submitting adequate evidence of injury under the statute to survive a motion for summary judgment," and when a plaintiff adequately alleges an injury-in-fact, but fails to establish proof of injury on summary judgment, a disposition on the merits is warranted.  *See, e.g., Diedrich*, 839 F.3d at 589, 594.

[10] To be clear, Dynacast agrees with the Court's assessment of what Colon must have known and consented to in using the time clock at issue, *see Colon v. Dynacast, LLC*, No. 19-CV-4561, 2019 WL 5536834, *4 (N.D. Ill. Oct. 17, 2019), but it is the ***alleged*** use beyond consent (or imminent risk thereof) that should control the analysis at this stage of the proceedings.

*Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions") (quotation omitted); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (similar); *Dart Cherokee*, 574 U.S. at 89 (similar). Dynacast is entitled to litigate this entire class action in federal court.

## IV.    Substantive Consideration Of Plaintiff's Request For Fees Should Be Deferred Until After The Court Rules On Colon's Motion.

For all of the above-stated reasons, Dynacast's second notice of removal is timely and well-founded upon a development in law that occurred after the Court's initial remand order. To recap the points established above:

❶    An intervening development in the law justifies the instant notice of removal because the Seventh Circuit has now held that the legal basis for the initial remand was premised on a mistake of law—a point that Colon concedes (Pl.'s Motion [Dkt. #13] at 6 (noting that "[t]his Court's previous remand order is in conflict with *Bryant* . . .")). *See Benson*, 188 F.3d at 782–83 (intervening events can justify successive removal); *Galvan*, 678 F.3d at 587 (a "new appellate decision" gives reason to revisit prior ruling).

❷    Contrary to what Colon contends, Dynacast was not required to pursue a permissive appeal to preserve its legal arguments. Indeed, the Seventh Circuit long ago deemed that contention to be "frivolous." *See Tincher*, 520 F.2d at 854 n.3; *see also In re UAL Corp. (Pilots' Pension Plan Termination)*, 468 F.3d at 453–54.

❸    Colon is wrong to suggest that the notice of removal is "untimely." (Pl.'s Motion [Dkt. #13] at 4-6.) The 30-day time limit to remove was never triggered in this case because, as Colon in effect concedes (*id.* at 5), her Complaint does not "unambiguously" establish that she is seeking in excess of the amount in controversy requirement under CAFA or general diversity-of-citizenship jurisdiction. *See Walker*, 727 F.3d at 821. In any event, Dynacast promptly removed this case within thirty days of the issuance of the *Bryant* decision.

❹    The amount-in-controversy meets the jurisdictional threshold of CAFA. Colon contends that she is seeking at least $20,000 in liquidated damages on behalf of each class member. (Pl.'s Motion [Dkt. #13] at 8-9) And while she alleges that the class includes "more than 200 persons" (*id.*), Dynacast alleged in its notice of removal that the class exceeds 300 persons and has submitted a sworn declaration to that effect. (Notice of Removal [Dkt. #1] at ¶¶18, 19; *see also* Ex. A.) Thus, Dynacast's estimate of class size controls, and the amount-in-controversy is readily met even under Colon's stated theory of damages. *See Spivey*, 528 F.3d at 986; *Blomberg*, 639 F.3d at 763. The amount-in-controversy would also be met, of course, because Colon has not foresworn the recovery of additional damages (such as under a per-scan theory of damages). *See also Back Doctors*, 637 F.3d at 830.

❺     The amount-in-controversy is satisfied for general diversity-of-citizenship jurisdiction. As other District Courts have recognized, it is not legally impossible for Colon to recover damages on a per-scan theory, which, given her alleged tenure with Dynacast (Pl.'s Compl. [Dkt. #1-1] at ¶9), would readily exceed the jurisdictional threshold, particularly when considered alongside her attorneys' fees to date and her request for injunctive and declaratory relief. *See Peatry*, 2019 WL 3824205 at *3; *Fernandez*, 2020 WL 1820521 at *3–4. And, again, given that Colon has not stipulated or otherwise foresworn damages in excess of $75,000, Dynacast's good-faith estimates control.

These points amply establish that removal is appropriate. That said, Dynacast is mindful of the Court's prior ruling wherein the Court noted that Dynacast did not "even raise a conclusory objection or counterargument" to Colon's "formulaic requests for attorney's fees and other reasonable costs" that she asserted in her motion to remand. *See Colon*, 2019 WL 5536834 at *5. Dynacast respectfully submits, however, that if the Court entertains Colon's request for fees, Dynacast should be allowed to specifically oppose that request upon Colon's submission of an estimate. (*See* Pl.'s Motion at 9 (stating calculation of fees will be submitted in reply).)

## CONCLUSION

Since the Court's initial remand order, the Seventh Circuit has held that Article III jurisdiction can exist as to at least certain BIPA claims even if a plaintiff has not alleged some further harm. In light of this intervening event, Dynacast promptly (and timely) filed this successive removal petition so that it can litigate this case in a federal forum, as it has the right to do. For the above stated reasons, Dynacast has established that removal is proper and that this Court has subject matter jurisdiction under Article III as to the entire case—because all of Dynacast's alleged BIPA violations supposedly resulted in invasions of privacy (*see, e.g.,* Pl.'s Compl. [Dkt. #1-1] at ¶¶20, 46), Colon has alleged an injury-in-fact—and also under the jurisdictional grants of both 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2). Colon's motion to remand should be denied.

**CERTIFICATE OF SERVICE**

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy

of the foregoing **DEFENDANT DYNACAST, LLC'S OPPOSITION TO PLAINTIFF'S**

**MOTION TO REMAND**, to be served upon the following by the Court's electronic notification

system on this 6th day of August 2020:

> Alejandro Caffarelli (acaffarelli@caffarelli.com)
> Madeline K. Engel (mengel@caffarelli.com)
> Caffarelli & Associates Ltd.
> 224 S. Michigan Avenue, Ste. 300
> Chicago, IL 60604
> T: (312) 763-6880


/s/ Joseph A. Donado