# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DYNACAST, LLC, <br><br> Defendant. | Case No. 1:20-cv-03317 <br><br> **Hon. Robert M. Dow, Jr.** <br><br> Magistrate Judge M. David Weisman |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND

Defendant cannot overcome the simple fact that the Seventh Circuit's opinion in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) cannot support its second removal of this case and that as a result, its second removal attempt is untimely. Its response fails to acknowledge, much less distinguish, the virtually universal reading of 28 U.S.C. § 1146(b)(3) that an "order or other paper" originating within this case must have provided some new grounds for its removal. Separately, Defendant continues to fall short of its burden to establish diversity or CAFA jurisdiction. Finally, should this Court decline to remand this case, it should follow the holding in *Bryant* that federal jurisdiction does not attach to claims for violations of BIPA Section 15(a), and sever and remand that claim.

This exercise, arising from Defendant's arguments running clearly afoul of the statutory requirements for removal, serves no purpose other than to delay this case and waste the Court's and parties' resources. The Court should award Plaintiff her fees incurred in connection with this improper removal.

## I. Defendant's Removal is Untimely.

Defendant fails to acknowledge the clear language of the removal statute and the unanimous interpretation of that language. It makes no attempt to distinguish any of the dozen or so cases cited in Plaintiff's motion, each of which reaches precisely the same conclusion: A party cannot remove a case to federal court where the basis for removal comes from a "pleading or other paper" outside of the case itself. Indeed, another court in this district answered the precise question at issue here earlier this week, and easily found that a BIPA case previously removed and then remanded for lack of jurisdiction did not become removable again after the Seventh Circuit issued its opinion in *Bryant*. *Hunter v. Automated Health Sys., Inc.*, No. 1:20-cv-3134, Doc. 20 (N.D. Ill. Aug. 17, 2020) (Gettleman, J.) ("The question before the court is whether the *Bryant* decision is [a] triggering event for a second removal. It is not.").

Defendant's argument that *Bryant* constitutes an "intervening event" rather than a "pleading or paper" is a distinction only in semantics; an "intervening event," in both cases Defendant relies on was the receipt of a "paper or other pleading" **within the confines of the case**, providing a previously unknown basis for removal. Both cases rely on the same removal language that is fatal to Defendant's position. *Collier*, 889 F.3d 894, 897 (suggesting that removal would be proper pursuant to 1446(b) if based upon a later amendment to Plaintiff's complaint); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 780, 782–83 (7th Cir. 1999) (holding that Section 1446(b) permitted second removal "after Plaintiffs revealed that they had sustained damages in excess of the jurisdictional amount"); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) (holding that service of plaintiff's discovery responses resulting in a new damages calculation satisfying CAFA permitted removal pursuant to Section 1446(b)). These cases align completely with the well-established interpretation of 28 U.S.C. § 1446(b)(3)

presented in Plaintiff's motion.

Nothing in this case has changed since this Court issued its original order granting Plaintiff's first Motion to Remand. Defendant itself states that "Dynacast's removal is predicated on Colon's original complaint," Resp. at 5. Indeed, Defendant premised both removals on identical arguments as to why that Complaint presents a damages theory sufficient to confer jurisdiction. *Compare* July 5, 2019 Notice of Removal, No. 19-cv-04561, Doc. 1, ¶¶ 8–10, 13–17, *with* June 4, 2020 Notice of Removal, Doc. 1, ¶¶ 9–12, 15–19. Yet simultaneously, Defendant argues that the filing of that Complaint did not trigger the timelines clearly set forth in the very statute on which it bases its removal. Resp. at 3–4. ("it would be impossible for timeliness to be an issue here"). This position is absurd. First, it runs entirely counter to Defendant's arguments in favor of diversity and CAFA jurisdiction; if damages cannot be ascertained from the Complaint such that its filing did not trigger the removal timeline, then Defendant must concede that there is no basis for federal jurisdiction before this Court flowing from the Complaint. Alternatively, if damages can be ascertained from the Complaint, as Defendant clearly argues, then this is the only "paper or pleading" that initiated the 30-day timeline, and Defendant is far too late. Defendant's approach here is entirely at odds with the purpose of the removal statute and its clear limitations. *U.S. v. Rice*, 327 U.S. 742, 751 (1946) (the policy underlying the removal statute is not to "permit[] interruption of the litigation of the merits . . . by prolonged litigation of questions of jurisdiction of the district court . . .").

The question before this Court rests only on the language and application of 28 U.S.C. § 1146(b)(3). On the facts present here, the answer to this question is that Defendant cannot remove this case at this late stage.

## II. Defendant Cannot Establish Diversity Jurisdiction.

Plaintiff's Complaint and Motion both disclaim any theory aimed at recovering damages on a per-scan basis. As she is the "master of the case," these allegations control for purposes of determining jurisdiction. *Bill v. Countrywide Home Loans*, 427 F.3d 446, 449 (7th Cir. 2005) ("the demonstration concerns what Plaintiff is claiming"). Neither Defendant's unsupported assertion as to the theories pursued by class counsel in other BIPA cases, nor theories of recovery that Plaintiff could have, but chose not to pursue, have any bearing here.

*Rosenbach* eliminates the potential for a per-scan recovery. Absent a damages theory that relies on such an approach, it is mathematically impossible for Plaintiff's individual damages to meet or exceed $75,000, and Defendant has not established otherwise. Instead, Defendant acknowledges that $59,082.40[1] (the sum of Plaintiff's maximum $20,000 recovery and her attorneys' fees as of June 4, 2020) is the only measure of damages that can reasonably be ascribed to Plaintiff's claims. *See* Exhibit A, Aug. 20, 2020 Declaration of Madeline K. Engel, ¶ 10 (affirming Plaintiff's fee calculation through the date of Defendant's second removal). It then improperly shifts the burden to Plaintiff to rebut its unsupported stance that fees and injunctive relief will reach the $75,000 threshold. Neither Defendant's Notice of Removal nor its response present any "good-faith estimates" establishing that injunctive relief meets or exceeds $15,917.60 necessary to bridge the gap. Indeed, it attaches no value whatsoever to injunctive relief. Yet as proponent of federal jurisdiction, it must establish the value of these damages. *See Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Defendant's argument is effectively that it is close enough, which is, in fact, not enough for jurisdiction to attach.

---

[1] As Defendant notes, Plaintiff's summation of potential damages and attorneys' fees was incorrect in her Motion due to a typographical error.

### III. Defendant Cannot Establish CAFA Jurisdiction.

Defendant continues to rely primarily on the allegations in its Notice of Removal and Plaintiff's Complaint, despite presumably having in its possession ample evidence to establish the class size it urges this Court to rely upon. The affidavit it submits on this point – and references only in a footnote – cryptically discusses "the time clock system at issue." Doc. 19-1 at 2. That document does not purport to present any estimate as to the number of persons whose biometric information Defendant collected during the relevant time period, which is the only relevant figure for purposes of the CAFA analysis. Defendant has not adequately supported its argument in favor of CAFA jurisdiction and the Court should so find. Alternatively, the Court should reject Defendant's proposed calculation based on a per scan

### IV. This Court Lacks Jurisdiction over Plaintiff's 15(a) Claim.

As it does with respect to the timeliness question, Defendant simply ignores the clear and unfavorable precedent on the question of Article III standing for Plaintiff's 15(a) claim. Plaintiff has plainly alleged that "Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class." April 23, 2019 Class Action Complaint ¶ 41, Exhibit A to Pl. Mot. to Remand, Doc. 13-1. The Seventh Circuit left no room for doubt that a claim for this precise type of BIPA violation ***does not*** confer Article III standing. *Bryant*, 958 F.3d 617, 626 (alleged failure to develop and make available to the public establishing a retention schedule and destruction guidelines does not constitute a concrete and particularized injury, and therefore cannot confer Article III standing). Trial courts faced with the same question have severed and remanded 15(a) claims under identical circumstances. *Fox v. Dakkota Integrated Sys.*, No. 19 cv 2872, May 26, 2020 Order (Kocoras, J.) (severing and dismissing

without prejudice 15(a) claims based upon *Bryant*), Doc. 13-1; *Kloss v. Acuant, Inc.*, No. 19 C 6353, 2020 WL 2571901, at *1 (N.D. Ill. May 21, 2020) (Kocoras, J.) (same). Defendant has not carried its burden, as it must, of demonstrating that this allegation satisfies Article III. *Collier*, 889 F.3d at 896.

V.  **An Award of Plaintiff's Attorneys' Fees is Appropriate.**

A cursory inquiry into whether *Bryant* permitted a successive removal under the circumstances provides only one answer: No. *Wisc. v. Amgen, Inc.*, 516 F.3d 530, 533–34 (7th Cir. 2008) (Section 1446(b)(3) refers only to documents "filed in the suit sought to be removed, not in some other suit," and collecting cases); *Ill. v. McGraw-Hill Co., Inc.*, No. 13 C 1725, 2013 WL 1874279, at *2 (N.D. Ill. May 2, 2013) (citing *Amgen* and collecting additional cases); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla 1999) (collecting cases).[2] Against this backdrop Defendant's arguments do not present a "close question" and this Court should award Plaintiff her fees incurred in connection with the removal. *Jackson Cty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132 141 (2005) (award of fees is warranted where "the removing party lacked an objectively reasonable basis for seeking removal").

Plaintiff has incurred a total of $8,437.50 in attorneys' fees in connection with Defendant's untimely removal. Exhibit A, ¶¶ 1–9.[3] Defendant's request for further briefing in the event of a remand is unworkable for two reasons. First, it would necessarily place the Court in a position to entertain such briefing after finding that the case must be remanded and that it will

---

[2] Given the unanimity of these cases, Plaintiff respectfully disagrees with the *Hunter* Court's assessment that this question is a novel one such that a fee award is not appropriate. 20-cv-3134, Doc. 20 at 3.

[3] This Court and another court in this district recently awarded Plaintiff's counsel fees based upon a similar hourly rate to that sought here. *Valdivia v. Township H.S. Dist. 214*, No. 16 C 10333, 2019 WL 2176925, at *2 (N.D. Ill. May 20, 2019) (awarding counsel her 2018 hourly rate of $325); *Herrera v. Grand Sports Arena, LLC*, No. 17-cv-0452, 2018 WL 6511155, at *3 (N.D. Ill. Dec. 11, 2018) (same).

6

not exercise jurisdiction over the case. Second, it would reward and aggravate the effects of Defendant's consistently dilatory approach to this litigation. Should the Court grant Plaintiff's motion, she requests that the order also award her fees without further argument on the matter.

## CONCLUSION

Defendant's Notice of Removal is untimely. The Seventh Circuit's opinion in *Bryant* does not change this fact. In addition, Plaintiff's claims do not confer diversity jurisdiction or CAFA jurisdiction. This Court should remand this matter to the Circuit Court of Cook County, Illinois, and order Defendant to pay Plaintiff her attorneys' fees incurred as a result of the improper removal.

**In the alternative**, Plaintiff requests that this Court sever her claim pursuant to BIPA Section 15(a) for lack of subject matter jurisdiction.

Dated: August 20, 2020

Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880
acaffarelli@caffarelli.com
mengel@caffarelli.com

Respectfully submitted,

TAMARA COLON, individually and on behalf of all others similarly situated,

By: /s/ *Madeline K. Engel*
    Attorney for the Plaintiff