IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) DYNACAST, LLC, ) ) Defendant. ) ) | Case No. 20-cv-3317 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM ORDER AND OPINION**

Tamara Colon ("Plaintiff") initially filed this suit in the Circuit Court of Cook County [1-1], alleging that Dynacast, LLC, ("Defendant") violated the Biometric Information Privacy Act through its timekeeping system. Defendant removed the case [1], and Plaintiff moved to remand [13]. For the reasons below, Plaintiff's motion to remand [13] is granted in part and denied in part. The Court severs Plaintiff's claim arising out of an alleged violation of 740 Ill. Comp. Stat. Ann. 14/15(a) and directs the Clerk to remand that claim to the Circuit Court of Cook County, County Department – Chancery Division for further proceedings. The Court retains jurisdiction over Plaintiff's remaining BIPA claims. Due to the passage of time and the possibility of intervening case law, the Court strikes Defendant's motion to dismiss [11] without prejudice and with leave to refile no later than February 24, 2021. Counsel are directed to file a joint status report, including a discovery plan, a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, and a proposed briefing schedule on Defendant's anticipated renewed motion to dismiss no later than March 3, 2021.

I.  **Background**

Plaintiff worked for Defendant from 2013 to 2018. [1-1, at ¶ 8–9]. During this time, Defendant used a biometric scanner for timekeeping purposes. [*Id.*, at ¶ 11]. In the complaint, Plaintiff alleges that Defendant violated the Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1, in four ways: (1) by failing to publicly provide a written data retention and deletion policy, as required by section 15(a); (2) by failing to inform employees in writing that their biometric information was being collected and stored, as required by section 15(b)(1); (3) by failing to inform employees of the purpose and length of time for which their biometric information was being collected and stored, as required by section 15(b)(2); and (4) by failing to obtain written releases from employees before collecting and storing their biometric information. [1-1, at ¶¶ 41–44].

Plaintiff filed her complaint in state court on April 23, 2019, on behalf of herself and others similarly situated. [1-1]. Defendant removed the case, but the Court remanded it after determining that the alleged BIPA violations did not constitute concrete injuries sufficient to confer Article III standing. See *Colon v. Dynacast, LLC*, 2019 WL 5536834, at *5 (N.D. Ill. Oct. 17, 2019). After the Court remanded the case, the Seventh Circuit held in a different case that a company's failure to obtain written consent and provide information required by section 15(b) of BIPA does constitute a concrete injury such that the plaintiff had Article III standing. See *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). After *Bryant*, Defendant again sought to remove this case. [See 1].

II. **Legal Standard**

A defendant may "remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th

Cir. 2011). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)). Typically, a defendant has 30 days after it receives a complaint to remove a case. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3).

The Class Action Fairness Act (CAFA) provides that the jurisdictional amount in controversy for class actions is $5,000,000. 28 U.S.C. § 1332(d)(2). "If the party opposing federal jurisdiction contests the amount in controversy, the proponent must 'prove those jurisdictional facts by a preponderance of the evidence.'" *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). There is no one-year limit on removals under CAFA. See 28 U.S.C. § 1453(b); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) ("CAFA [] loosens removal requirements" and "there is no one-year limit on the timing of removal").

**III.    Analysis**

    **A.    Timeliness**

Plaintiff contends that the Court must remand because Defendant's removal was not timely. Specifically, she argues that the Seventh Circuit's decision in *Bryant* did not constitute an "other paper" that would restart the 30-day removal clock under § 1446(b)(3). [13, at 4–6]. Defendant

3

counters that the removal is timely because the removal clock never began to run and, alternatively, because *Bryant* was an intervening event that reset the 30-day clock. [19, at 2–5].

Defendant first argues that the 30-day removal clock never started to run because it never received any "pleading or paper affirmatively and unambiguously alleg[ing] the total amount of damages being sought." [19, at 4]. In doing so, it relies on *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), which explained that "the moment a case becomes removable and the moment the 30-day removal clock begins to run 'are not two sides of the same coin.'" *Id.* at 824 (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)). In *Walker*, the defendant never received a pleading or other paper from the Plaintiff specifically disclosing the damages demand and instead "based its notice of removal on its own estimate of damages after [the plaintiff] introduced a new theory of damages into the case in response to requests for admission." *Id.* at 821. The Seventh Circuit held that the *Walker* defendant's removal was timely even though it occurred more than 30 days after the defendant received the pleading. *Id.* at 826. The court explained that "the timeliness inquiry is limited to * * * examining [the] contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id.* at 825.

Here, the complaint alleges that Defendant "failed to comply with BIPA mandates, thus committing at least four distinct violations of BIPA with respect to Plaintiff and each putative BIPA Class member." [1-1, at ¶ 36]. It alleges that the class size is "at least 200 individuals." [*Id.*, at ¶ 24]. And it explains that for each of the four BIPA violations, "Plaintiff and the members of the putative BIPA Class are entitled to recover anywhere from $1,000 to $5,000 in statutory

4

damages." [*Id.*, at ¶ 45]. These amounts total up to $20,000 in individual damages ($5,000 for each of the four violations) and up to $4,000,000 in class damages (the $20,000 in individual damages for each of the 200 class members). Thus, the face of the complaint does not "provide[] specific and unambiguous notice that" Plaintiff's individual damages exceed $75,000 or that the class damages exceed $5,000,000. *Walker*, 727 F.3d at 825; see also 28 U.S.C. § 1332(a), (d)(2).

Further, Plaintiff does not suggest that she provided Defendant a different "litigation paper facially revealing that the grounds for removal are present." *Walker*, 727 F.3d. at 824–25. Instead, Plaintiff disputes this reading of *Walker*, claiming that the *Walker* court "found the 30-day timeline triggered by defendant's receipt of discovery responses from plaintiff, which resulted in a new damages calculation that met the threshold for CAFA jurisdiction." [13, at 5 n.1]. However, *Walker* explicitly found the opposite. It explained that the discovery responses "did not affirmatively specify a damages figure under the class's new theory," and it concluded that "the removal clock never actually started to run." *Walker*, 727 F.3d at 825. Because no litigation document provided by Plaintiff facially establishes that the amount in controversy is met, the same is true here and Defendant's removal is timely.[1]

**B.     Amount in Controversy**

Plaintiff next argues that the Court should remand because the amount in controversy is not met. [13, at 6–8]. Defendant counters that the court has jurisdiction under CAFA because the amount in controversy exceeds $5,000,000. [19, at 5–6]. As explained above, the class damages from the face of the complaint total $4,000,000. This amount is based on a class size of 200 individuals. Defendant provided an affidavit stating that from April 3, 2014, to February 6, 2017,

---

[1] The Seventh Circuit has held that multiple removal petitions are permitted. *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal").

305 employees "used the time clocks at issue." [19-1]. Relying on this affidavit, Defendant argues that the amount in controversy is actually $6,100,000, or $20,000 for each of the 305 class members. In response, Plaintiff does not provide any alternative evidence to counter Defendant's estimate of the class size. Instead, she asserts that the affidavit "does not purport to present any estimate as to the number of persons whose biometric information Defendant collected during the relevant time period." [20, at 5].

Although the affidavit could have been worded more explicitly, the Court concludes that it, along with the complaint, supports by a preponderance of the evidence that the CAFA amount in controversy is met. The complaint states that "[a]t least 200 individuals performed work for Defendant in the State of Illinois" and that Defendant "collect[ed] biometric identifiers and biometric information from these individuals through its timekeeping system." [1-1, at ¶ 4]. It also alleges that the Defendant collected this information when an employee was "required to place her hand on a panel to be scanned in order to 'clock in' and 'clock out' for work." [*Id.*, at ¶ 13]. The complaint defines the class as "[a]ll citizens of Illinois who had their fingerprints collected, captured, received, otherwise obtained, used, distributed, or stored by" Defendant in Illinois. [*Id.*, at ¶ 24]. From the complaint, it is reasonable to infer that any individual who "used the time clocks at issue" [19-1] is an individual "who had their fingerprints collected, captured, received, otherwise obtained, used, distributed, or stored by" Defendant, [1-1, at ¶ 24]. Therefore, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy for the class is over $5,000,000, which suffices to establish jurisdiction under CAFA.[2] See 28 U.S.C. § 1332(d)(2); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of

---

[2]The parties are diverse, and Plaintiff does not argue, nor does the Court find that any reason to believe, that any of the CAFA exceptions apply. See 28 U.S.C. § 1332(d)(4)–(9).

federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").[3]

### C. Plaintiff's Section 15(a) Claim

Plaintiff argues that if the case is not remanded in its entirety, the Court should at least remand the portion of her claim based on section 15(a) of BIPA. She asserts that the Court lacks jurisdiction because violations of this section do not give rise to concrete injuries that satisfy Article III standing requirements. [13, at 8–9].

Section 15(a) requires entities to develop and make publicly available its written policies on data retention and deletion. 740 Ill. Comp. Stat. Ann. 14/15(a). It also requires entities to comply with these policies. *Id.* In *Bryant*, the Seventh Circuit held that the section 15(a) claim in that case was insufficient for standing because the plaintiff's claim was based on the portion of section 15(a) that required the defendant to make its data retention and deletion policy publicly available. *Bryant.*, 958 F.3d 626. The court explained that this "the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects." *Id.* Plaintiff argues that her 15(a) claims similarly do not allege a concrete injury.

After briefing was completed on this motion, the Seventh Circuit decided *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020). The *Fox* court held that claims alleging a violation of section 15(a)'s requirement to *comply with* a data retention and destruction policies—as opposed to the requirement to merely *disclose* those policies—do "plead an injury in fact for purposes of Article III." *Id.* at 1149. In light of *Fox*, the Court requested supplemental briefing on this issue. [22]. Both parties direct the Court to consider the allegations in the complaint. [23, at 3 (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 896–97 (7th Cir. 2018)

---

[3] The foregoing analysis obviates any need for the Court to address the parties' arguments regarding the amount in controversy for the individual Plaintiff.

(explaining that a federal court must remand if it lacks jurisdiction "*at any time*" and looking only to complaint when determining jurisdiction on a motion to remand (quoting 28 U.S.C. § 1447(c)))); 24, at 3 (citing *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1246 (7th Cir. 2021) ("[A]llegations matter. One plaintiff may fail to allege a particularized harm to himself, while another may assert one."))].

Here, Plaintiff's complaint is arguably ambiguous as to whether it alleges a failure to comply with data policies or only a failure to disclose those policies. On the one hand, the complaint explains that one of BIPA's mandates is to create and publish a retention and deletion policy and to "actually adhere to that retention schedule and actually delete the biometric information." [1-1, at ¶ 35]. In the next paragraph, it alleges that "Defendant failed to comply with BIPA mandates." [*Id.*, at ¶ 36]. Further, it states that a common class question is "whether Defendant complied with any such [data] policy." [*Id.*, at ¶ 25(e)]. On the other hand, in stating the alleged section 15(a) violation, the complaint reads "Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class," without alleging a failure to comply with such policy. [*Id.*, at ¶ 41]. And—although the Court is satisfied by considering only the complaint—this latter reading is confirmed by Plaintiff: in her original and supplemental briefing, she has assured the Court that she bases her section 15(a) claim on only a failure to publicly provide a data policy. [20, at 5–6; 24, at 2–4].

The Court "must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham*, 323 F. Supp. 3d at 993; *see also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009 ("[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."). As such, the Court reads the

complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant*, the Court lacks jurisdiction over this claim. *Bryant.*, 958 F.3d 626. Therefore, the Court severs and remands Plaintiff's section 15(a) claim for lack of subject matter jurisdiction and retains jurisdiction over the remaining claims. See 28 U.S.C. § 1441(c) (explaining that a district court must sever and remand any removed claim that is "not within the original or supplemental jurisdiction of the district court").

Finally, given the novelty of the issues presented, not to mention the split decision, the Court exercises its discretion not to award any fees to either side in regard to this motion. See *Hunter v. Automated Health Sys., Inc.*, Case No. 20-cv-3134, Docket Entry 20 (N.D. Ill. Aug. 17, 2020).

## IV.  Conclusion

For the reasons stated above, Plaintiff's motion to remand [13] is granted in part and denied in part. The Court severs Plaintiff's claim arising out of an alleged violation of 740 Ill. Comp. Stat. Ann. 14/15(a) and directs the Clerk to remand that claim to the Circuit Court of Cook County, County Department – Chancery Division for further proceedings. The Court retains jurisdiction over Plaintiff's remaining BIPA claims. Due to the passage of time and the possibility of intervening case law, the Court strikes Defendant's motion to dismiss [11] without prejudice and with leave to refile no later than February 24, 2021. Counsel are directed to file a joint status report, including a discovery plan, a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, and a proposed briefing schedule on Defendant's anticipated renewed motion to dismiss no later than March 3, 2021.

Dated: February 10, 2021

_____
Robert M. Dow, Jr.
United States District Judge

10