IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA COLON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNACAST, LLC,<br><br>Defendant. | Case No. 1:20-cv-03317<br><br>District Judge Robert M. Dow, Jr.<br><br>Magistrate Judge M. David Weisman |

## DEFENDANT DYNACAST, LLC'S MOTION TO STAY PROCEEDINGS

Defendant Dynacast, LLC respectfully requests this Court to stay proceedings to avoid unnecessary cost and undue prejudice given there are multiple pending appeals—including a pending case before the Illinois Supreme Court—that will directly impact the Court's analysis of dispositive issues raised in Dynacast's pending Rule 12(b)(6) motion to dismiss and that will otherwise bear upon the viability of Plaintiff Tamara Colon's claims. In support of this motion, Dynacast states as follows:

### BACKGROUND

1. Colon is a former employee of Dynacast who filed a purported class action against Dynacast seeking statutory damages under the Illinois Biometric Information Privacy Act ("BIPA"). As the Court is aware, Dynacast's motion to dismiss asserts, among other things, that Colon's claim for statutory damages are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act. [Dkt. #30] The Illinois Supreme Court will decide that very issue in *McDonald v. Symphony Bronzeville Park, LLC* as it recently allowed a petition for leave to appeal in that case. (*See* Order Allowing Petition for Leave to Appeal, attached as Exhibit A).

2. Indeed, like Colon, the plaintiff in *McDonald v. Symphony* is a former employee of the defendant who seeks statutory damages under BIPA. And like Dynacast, the defendant in *McDonald*

-2-

*v. Symphony* argues that plaintiff's claim for statutory damages under BIPA are barred by the Exclusivity Provisions of the Workers' Compensation Act.

3. As the allowed petition in *McDonald v. Symphony* states, the First District's ruling with respect to Workers' Compensation exclusivity conflicts with the Illinois Supreme Court's holding in *Rosenbach v. Six Flags Entm't. Corp.*, 2019 IL 123186 at ¶34, and also conflicts with the Second District's holding that employee privacy injuries—like being spied upon in a workplace bathroom, *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1029-31 (2d Dist. 1999), and having sensitive medical information disclosed, *Goins v. Mercy Ctr. for Health Care Servs.*, 281 Ill. App. 3d 480, 487-88 (2d Dist. 1996)—do fall within the Exclusivity Provisions of the Workers' Compensation Act. (*See* Petition for Leave to Appeal, attached without exhibits as Exhibit B) Should the Illinois Supreme Court reverse the First Appellate Court's decision in *McDonald v. Symphony*, then Colon's claim for damages would be barred. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).

4. In addition, it is anticipated that several pending appeals will further impact the viability of Colon's claims. As Dynacast established in its motion, Colon's claims also would be barred under a one-year or two-year statute of limitations. The following appeals are currently pending and could potentially impact the timeliness analysis: [1] the First District Illinois Appellate Court is addressing the issue of whether a one-year or five-year statute of limitations applies to BIPA claims (*see Tims v. Black Horse Carriers, Inc.*, 1st Dist. Case No. 1-28-0563, relevant order attached as Exhibit C); and [2] the Third District Illinois Appellate Court is addressing whether the applicable statute of limitations for BIPA claims is one, two, or five years (*Marion v. Ring Container Technologies, LLC*, No. 3-20-0184, relevant order attached as Exhibit D). And while these decisions will not bind this Court, they will constitute decisional authority that the Court should consider. *See Reiser*, 380 F.3d at 1029; *see also McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3d Cir. 1980).

-3-

5.      Furthermore, on November 9, 2020, the Seventh Circuit granted a 28 U.S.C. §1292(b) petition for leave to appeal from a District Court Order that addresses several issues under BIPA, including potentially what comprises an "injury" under BIPA, which could impact the statute of limitation analysis. (*In Re: White Castle System, Inc.*, No. 20-8029, relevant order attached as Exhibit E) *See also Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 731 (N.D. Ill. 2020). The Seventh Circuit further determined that a stay of the district court case was "warranted" while this interlocutory appeal is pending. (Ex. E) Of course, any ruling by the Seventh Circuit will bind this Court. *See Reiser*, 380 F.3d at 1029.

6.      A stay of this case is appropriate to avoid undue burden and expense, and will not prejudice Colon since she is no longer employed by Dynacast and, to the extent he was ever harmed, he is not incurring additional harm. Denial of this motion, however, will prejudice Dynacast because it will incur significant attorneys' fees and costs that may be rendered unnecessary by rulings on the pending interlocutory appeals.

7.      Moreover, the COVID-19 pandemic also impacts the stay analysis. A stay pending the outcome of potentially dispositive appellate review by the state courts would permit Dynacast to dedicate its resources and human capital to the operation of its business.

8.      A district court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Staying proceedings may be appropriate where a litigant in another case may settle the rule of law that applies in the stayed lawsuit, *id.*, which is the exact situation presented here. *See, e.g., Morrison v. YTB Int'l, Inc.*, No. CIV 08-579-GPM, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (citing authority).

9. Other district courts have granted motions to stay (or continued existing stays) pending rulings in the *McDonald* case and the in interlocutory appeals in *Tims* and *Marion*. *See, e.g., Vaughan v. Biomat USA, Inc.*, 20-cv-4241, 2020 WL 6262359 (N.D. Ill. Oct. 23, 2020) (Aspen, J.); *Bell v. SDH Services West, LLC*, 20-cv-3181, ECF No. 22 (N.D. Ill. Aug. 27, 2020) (Ellis, J.); *Treadwell v. Power Solutions Int'l, Inc.*, 18-cv-8212, ECF No. 120 (N.D. Ill. April 1, 2020) (Alonso, J.; later extended by agreement of the parties); *Donets v. Vivid Seats, LLC*, 20-cv-3551, ECF No. 37 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.). And so, too, have several state trial courts, including the trial court judge in *McDonald v. Symphony*. *See McDonald v. Symphony Bronzeville Park, LLC*, 2017 C 11311 (Cir. Ct. Cook Cty. Jan. 29, 2021); *Ambrose v. LCS Community Employment LLC*, 2019 CH 9912 (Cir. Ct. Cook Cty. Nov. 2, 2020); *Sanchez v. Elite Labor*, 2018 CH 02651 (Cir. Ct. Cook Cty. Oct. 14, 2020); *Young v. Bria Health Services, LLC*, 19 L 499 (Cir. Ct. St. Clair Cty. Oct. 29, 2020); *Tims v. Black Horse Carriers, Inc.*, 2019 CH 03522 (Cir. Ct. Cook Cty. Jan. 28, 2020 & Oct. 20, 2020); *Townsend v. The Estates of Hyde Park, LLC*, 2019 CH 11849 (Cir. Ct. Cook Cty. Oct. 20, 2020); *Owens v. Wendy's Int'l, LLC*, 2018 CH 11423 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Solomon v. Schmolz + Bickenbach USA, Inc.*, 2019 CH 13361 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Gory v. Glencrest Healthcare*, 2019 CH 04326 (Cir. Ct. Cook Cty. Oct. 2, 2020); *Measaw v. Heritage Operations Group, LLC*, 2019 CH 08321 (Cir. Ct. Cook Cty. Oct 2, 2020); *Cline v. Marion Rehabilitation Center*, 2020 L 52 (Cir. Ct. Williamson Cty. Aug. 14, 2020); *Young v. Tri City Foods, Inc.*, 2018 CH 13114 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Rondinella v. Palos Hills Healthcare, LLC*, 2020 CH 3357 (Cir. Ct. Cook Cty. July 17, 2020); *Marion v. Ring Container Technologies, LLC*, 2019 L 89 (Cir. Ct. Kankakee Cty. Apr. 20, 2020); *Burton v. BWAY Corp.*, 2018 CH 09797 (Cir. Ct. Cook Cty. Feb. 10, 2021); *Moore v. Eclipse Advantage, LLC*, 20 CH 5378 (Cir. Ct. Cook Cty. Feb. 5, 2021); *Gordon v. PBC Linear*, 20 L 305 (Cir. Ct. Winnebago Cty. Feb. 5, 2021); *Littleton v. Lydia Healthcare I, LLC*, 19 CH 12142 (Cir. Ct. Cook Cty. Feb. 4, 2021); *Trinidad v. Bridgeview Advisors, LLC*, 20 CH 6600 (Cir. Ct. Cook Cty. Feb. 4, 2021); *Wilson v. Park House Nursing & Rehab. Ctr., LLC*, 19 CH 10262 (Cir. Ct. Cook Cty.

Feb. 2, 2021); *Peaks-Smith v. St. Anthony Hosp.*, 18 CH 7077 (Cir. Ct. Cook Cty. Feb. 1, 2021). The above-referenced federal and state court stay orders are attached collectively hereto as Exhibit F.

\* \* \*

WHEREFORE, for the above stated reasons, Defendant Dynacast, LLC respectfully requests that this Court grant this Motion to Stay Proceedings and whatever other relief the Court deems appropriate.

DATED: February 24, 2021

Respectfully submitted,

By: /s/ Joseph A. Donado

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive; Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**Attorneys for Defendant Dynacast, LLC**

## CERTIFICATE OF SERVICE

I, Joseph Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT DYNACAST, LLC'S MOTION TO STAY PROCEEDINGS** to be served upon counsel of record via the Court's electronic filing system on this 24th day of February 2021.

/s/ Joseph A. Donado

68347672v.1