IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA COLON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-3317 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| DYNACAST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the Court ends its deferral of the remand order and directs the Clerk to remand Plaintiff's claim arising out of an alleged violation of 740 Ill. Comp. Stat. Ann. 14/15(a) to the Circuit Court of Cook County for further proceedings forthwith.

## STATEMENT

The Court has reviewed the parties' status report [38] setting forth their respective positions on whether the Court should end the deferral of its remand order [28] regarding Plaintiff's claim under Section 15(a) of the Illinois Biometric Privacy Act (BIPA), or whether that order, like the rest of the case, should remain stayed pending resolution of several ongoing appeals.

Plaintiff's Section 15(a) claim focuses only on Defendant's alleged failure to publicly provide a data policy as required by BIPA. See [26 at 8]. This Court determined that the claim does not state an injury sufficient to confer standing in federal court. See [27 at 7, citing Bryant v. Compass Grp. USA, Inc., 958 F.3d 617, 626 (7th Cir. 2020)]. The Seventh Circuit has confirmed that this Court's remand order "is consistent with [circuit] precedent." See [33, certified order from the court of appeals]. With no basis for asserting federal jurisdiction over the Section 15(a) claim, it should be immediately returned to state court. If either or both parties feel that the pending appeals present a compelling reason to hold that claim in abeyance, they may raise the issue with the state court.

Dated: April 26, 2021

_____
Robert M. Dow, Jr.
United States District Judge